95  163
100  579

THE STATE, *Plaintiff in Error*, v. DOWD *et al.*

1. Criminal Law : INDICTMENT : FALSE PRETENSES. An indictment
   under Revised Statutes, section 1561, for obtaining a deed by false
   pretenses, should follow the language of the statute.

2. —— : —— : ——. An indictment for obtaining a deed by false pretenses, which charges it to be the property of certain persons, but alleges that they had "executed, signed, sealed, acknowledged, and delivered it, in due form and manner of law," is insufficient. After the deed was delivered it ceased to be the property of those executing it, and it was impossible to have defrauded them by reason of obtaining it by means of false pretenses.

3. —— : —— : ——. An indictment for obtaining a deed by false pretenses, "with intent then and there to cheat and defraud by means, etc.," certain persons, should state who intended to so cheat and defraud.

*Error to Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*B. G. Boone,* Attorney General, for the state.

An accessory before the fact is, under our statute, a principal. R. S., 1879, sec. 1649. One may be charged in one county of an indictment as a principal and in another as present, aiding and abetting. *State v. Anderson,* 89 Mo. 312; *State v. Miller,* 67 Mo. 604. The language of the statute is: "Every person, who, with intent to cheat and defraud, shall obtain, or attempt to obtain, from any person or persons, any money, property, or valuable thing whatever," etc. R. S., sec. 1561. A general warranty deed properly signed, sealed, acknowledged, and delivered, as charged in the indictment, is a valuable thing within the meaning of the statute. 2 Bish. Cr. Law [5 Ed.] sec. 484; *Brown v. People,* 16 Hun, 535; *People v. Gates,* 13 Wend. 31; *People v. Palloway,* 17 Wend. 540; *State v. Mayberry,* 48 Me. 217. The indictment contains all the averments required by the statute, and is sufficient. *State v. Fancher,* 71 Mo. 460; *State v. Conelly,* 73 Mo. 235; *State v. Williams,* 77 Mo. 31; *State v. Dennis,* 80 Mo. 589; *State v. Bayne,* 88 Mo. 604. Criminal statutes

which forbid several things in the alternative are to be construed as creating but one offence; indictments thereon may charge defendants with the commission of all acts, using the conjunctive *and* instead of the disjunctive *or*. *State v. Fancher, supra; State v. Porter*, 75 Mo. 171, 177.

*L. F. Parker* for defendants in error.

SHERWOOD, J.—The indictment in this cause is as follows:

" State of Missouri ⎱             In the Circuit Court.
                          ⎰ ss.
" County of Phelps ⎰             February Term, 1888.

" The grand jurors for the state of Missouri summoned from the body of Phelps county, empaneled, charged, and sworn upon their oaths, present that F. E. Dowd, John St. Elmer, Arthur Corse, late of the county aforesaid, on the nineteenth day of July, 1887, at the county of Phelps and state aforesaid, did feloniously and designedly, with intent to cheat and defraud Minnie Lupberger and her husband, Wilhelm Lupberger, obtain a general warranty deed of and from the said Minnie Lupberger and Wilhelm Lupberger, dated on the fifteenth day of July, 1887, executed, signed, sealed, acknowledged, and delivered in due form and manner of law on the nineteenth day of July, 1887, whereby the said deed purports to convey, in consideration of the sum of three hundred dollars to them, the said Minnie Lupberger and Wilhelm Lupberger, paid by Ludwig Gebhart, all the right, interest, and title of the said Minnie and Wilhelm Lupberger unto the said Ludwig Gebhart, and to his heirs and assigns forever, and covenanted to warrant and defend of and to the following described real estate:   The south half of the southeast quarter of section thirty-four, township thirty-eight, range seven, situate in Phelps county, state of Missouri, said deed

and real estate are of the value of fifteen hundred dollars, the property of the said Minnie Lupberger and Wilhelm Lupberger, with the intent them then and there to cheat and defraud, by means and by use of a cheat and a fraud, and a false and fraudulent representation, and a false pretense, and a false and bogus check and instrument, with the intent them, the said Minnie Lupberger and Wilhelm Lupberger, then and there feloniously to cheat and defraud, contrary to the form of the statute such made and provided, against the peace and dignity of the state. And the jurors aforesaid, upon their oath aforesaid, do further present that Arthur Corse, before the said felony was committed in form and manner aforesaid, did feloniously incite, move, procure, aid, and counsel, hire, command the said F. E. Dowd, John St. Elmer, to do and feloniously commit the aforesaid offence in manner and form aforesaid, against the peace and dignity of the state.

> "J. B. HARRISON,
>
> "Prosecuting Attorney."

This indictment, on motion of defendants, was quashed by the court, and from the judgment thereupon rendered, the state comes to this court on writ of error. Section 1561, upon which the indictment is supposably drawn, is as follows: "Every person who, with intent to cheat and defraud, shall obtain, or attempt to obtain, from any other person or persons, any money, property, or valuable thing whatever, by means or use of any trick or deception, or false and fraudulent representation or statement, or pretense * * * or by means or by use of any false or bogus check, or by any other written or printed or engraved instrument * * * shall be deemed guilty of a felony." The section in question further provides that: "In every indictment under this section, it shall be deemed and held a sufficient description of the offence, to charge that the accused did, on ———— unlawfully and feloniously obtain, or attempt to obtain,

( as the case may be) from A B (here insert the name of the person defrauded) his or her money or property by means and by use of a cheat, or fraud, or trick, or deception, or false and fraudulent representation, or statement, or false pretense."

It will be noticed that the indictment does not follow the language of the statute, nor is it good under section 1335, which the pleader seems also to have had in his mind. The indictment charges that the deed was the property of Minnie Lupberger and her husband, and yet distinctly alleges that the deed made by them was "executed, signed, sealed, acknowledged, and delivered in due form and manner of law on the nineteenth day of July, 1887." If the deed was delivered, as stated, then it ceased to be the property of Minnie Lupberger and her husband, when so delivered, and so it was impossible to have defrauded them by reason of obtaining what was the property of another. After a long hiatus, the pleader begins again, "with intent them then and there to cheat and defraud by means," etc., but does not state *who* had that intent. It is unnecessary to discuss the nondescript instrument any further, the judgment of the circuit court was clearly right, and it is hereby affirmed. Ray, J., absent. All concur.

