## VARNER *v.* THE STATE.

1. An emigrant is "one who quits his country for any lawful reason, with a design to settle elsewhere, and takes his family and property with him."
2. It follows from the foregoing definition that one charged with a violation of a law prohibiting the soliciting or procuring of emigrants can not be convicted upon proof showing that the persons whom he solicited or procured to leave the State had no intention of abandoning their residence in this State or of acquiring a domicile in the other State, but were leaving merely for the purpose of temporarily engaging in work in the latter State.

Submitted April 23, — Decided May 11, 1900.

Petition for certiorari. Before Judge Spence. Decatur superior court. March 8, 1900.

*Albert H. Russell* and *M. E. O'Neal,* for plaintiff in error.
*W. E. Wooten, solicitor-general,* contra.

Cobb, J. Varner was placed upon trial in the city court of Decatur county, charged with a violation of section 601 of the Penal Code, which declares: "Any person who shall solicit or procure emigrants, or shall attempt to do so, without procuring a license as required by law, shall be guilty of a misdemeanor." The accused was convicted, and applied to the judge of the superior court for a writ of certiorari, and sanction of the application having been refused, the accused excepted. Upon the trial it appeared that the accused had made an arrangement with two persons, under which they were to go to the State of Florida and there to be employed in cutting turpentine-boxes. The accused was to meet them at a boat on the river, and pay their way to

their destination. He stated that he was paid one dollar for each person he carried down the river. The two persons went to the boat, but the accused never came. It clearly appears from the evidence that the purpose of each of these persons was to go to the State of Florida to work, and that neither had any present intention of taking up his residence there. The tax-collector of the county testified that the accused had not paid to him the license imposed by law on " emigrant agents. "

The section of the code under which the accused was tried prohibits simply the soliciting or procuring of *emigrants,* or attempting to do so, without having obtained a license to carry on that business. An emigrant is " one who emigrates or quits one country or region to settle in another." Web. Int. Dict. " One who quits his country for any lawful reason, with a design to settle elsewhere, and takes his family and property with him. " 10 Am. & Eng. Enc. L. (2d ed.) 1042. The two persons with whom the accused made the agreement were to go to the State of Florida to work; they did not take their families with them, and there was no sufficient evidence to warrant a finding that they intended to acquire a domicile in that State. For this reason the accused was not guilty of a violation of the section of the code under which he was tried. Whether there is " a license required by law " so as to make any one who procures or solicits emigrants amenable to the section now under consideration is not necessary to be determined in this case. The tax imposed by the general tax act of 1898 is upon " emigrant agents, " and an emigrant agent is a " person engaged in hiring laborers in this State, to be employed beyond the limits of the same. " See *Williams* v. *Fears,* ante, 584, where a full discussion of this question appears. Had the accused, therefore, been charged with having violated the provision of the general tax act above referred to, the evidence in the record would have warranted his conviction; but having been charged with soliciting or procuring emigrants, or attempting to do so, and the evidence showing that he procured laborers simply to leave the State temporarily, with no intention of abandoning their residence, his conviction was unwarranted, and the judge erred in refusing to sanction the certiorari.

*Judgment reversed. All concurring, except Fish, J., absent.*