## 31521. KRYDER v. THE STATE.

DECIDED MARCH 15, 1947. REHEARING DENIED MARCH 26, 1947.

*James R. Venable, Walter Sanders,* for plaintiff in error.

*L. M. Wyatt, Solicitor-General,* contra.

MACINTYRE, J. 1. J. P. Kryder was indicted for the offense of breaking and entering railroad cars. The indictment was as follows: "For that the said J. P. Kryder on the 14th day of February in the year 1946, in the county aforesaid, then and there unlawfully did break and enter railroad cars of Central of Georgia Railroad Company, the same being box cars in the possession of said Central of Georgia Railroad Company, said cars being marked A. C. L. 51354 mdse.; Penn. 94925 mdse.; L & N 6653 mdse.; Southern 340135 mdse.; Central of New Jersey 17224 Lumber; Penn. 94925 Hosiery No. 801, with intent to steal the goods, wares and merchandise and freight contained therein. The above-described cars being at the time in the custody and control of the said Central of Georgia Railroad Company." The defendant was found guilty. He made a motion for new trial based on the general and six special grounds; this motion was overruled on every ground, and the defendant excepted.

·The indictment charges the defendant with breaking and entering six railroad cars with intent to steal. There is only one count in the indictment. The jury returned a general verdict of guilty. It is contended by the defendant that there is no evidence in the record to support the contention of the State and the verdict of the jury finding the defendant guilty of breaking and entering the railroad car described in the indictment as Central of New Jersey 17224 Lumber. The defendant contends that, before the jury would be authorized to return a general verdict of guilty, the State would have to prove each and every allegation in the single count of the indictment; that is, the State would have to show that the defendant was guilty of breaking and entering each railroad car described in the indictment, with the intent to steal. The defend-

ant insists that, if the State fails to prove a breaking and entering of one of the described railroad cars, the jury would not be authorized to find the defendant guilty. With this contention we can not agree.

The rule in this State is well settled that, while a defendant can not be charged with separate and distinct offenses in one count of an indictment, offenses of the same nature and differing only in degree may be joined in one count of the same indictment; and offenses (criminal acts) not of the same nature but blended together by concurrent acts so that they constitute in law and in fact but one criminal transaction under the "one-transaction test" in force in this State constitute in effect but one offense and may likewise be so joined. The test is whether the acts charged in the indictment relate to but one transaction. *Bennings* v. *State,* 53 *Ga. App.* 218 (185 S. E. 370); *Roberts* v. *State,* 14 *Ga.* 8, 12; *Gully* v. *State,* 116 *Ga.* 527, 529 (42 S. E. 790).

We are of the opinion that the indictment under consideration joins in one count, as one offense, acts committed at the same time, by the same person, as parts of the same transaction, and subjects the defendant to one and the same punishment. See, in this connection, Brogan *v.* State, 199 Ind. 203 (156 N. E. 515). Just as in the case of several acts of embezzlement, the State is not bound to prove separately each of the several acts of breaking and entering with intent to steal, in order to convict, and a failure to prove all of them will not work an acquittal if one is proved. *Jackson* v. *State,* 76 *Ga.* 551 (10). In the instant case, the evidence was sufficient to authorize the verdict.

2. Special ground 1 contends that the court erred in permitting the witness, O. B. McDaniel, to introduce in evidence certain books or records and to testify that the entries therein were correct, on the ground that, although the books were in the control and custody of McDaniel, he did not make the entries. Where, as here, it appeared that they were books of original entry in the custody and control of McDaniel, that his clerk whose duty it was to keep the books made the entries therein in the regular course of business, and that the clerk kept correct books, it was not error to admit them. *Crump* v. *Bank of Toccoa,* 41 *Ga. App.* 505 (153 S. E. 531); *W. T. Rawleigh Company* v. *Overstreet,* 71 *Ga. App.* 873, 885 (32 S. E. 2d, 574); *Taylor* v. *Tucker,* 1 *Ga.* 231; *Bush* v. *Fourcher,* 3 *Ga. App.* 43 (3) (59 S. E. 459).

3. In special ground 2, it is insisted that the evidence concerning the alleged enlarged photographs of the fingerprints which the sheriff had lifted from a box in the burglarized car in question, and which fingerprints the sheriff had mailed to the Georgia Bureau of Investigation in Atlanta, Georgia, should have been excluded for the reason that it was not shown that such fingerprints were not accessible to others, and that the photographs thereof were not sufficiently identified. By the testimony of the sheriff who raised the fingerprints and sent them by mail to the bureau, and two employees of the bureau who had the fingerprints photographed and enlarged and who appeared and testified as experts at the trial, the photographs were identified beyond question, and the court did not err in refusing to exclude them for the reasons urged by the defendant.

4. Special ground 3 is controlled by the ruling in the preceding division of this opinion.

5. In the remainder of his special grounds the defendant complains of errors in the instructions to the jury.

The Code, § 38-415, provides: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, *and shall have such force only as the jury may think right to give it.* They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer."

In *Cargile* v. *State,* 137 *Ga.* 775 (2) (74 S. E. 621), it is said that it is better to omit any reference to it [the last sentence in the above Code section] in the general charge.

The trial judge charged the jury as follows: "Now gentlemen, the defendant has made to you a statement in the case which he has the right to do. The law being that in the trial of all criminal cases the defendant shall have the right to make to the court and jury such statement in his defense as he may deem proper to give. The statement is not under oath. You may believe the statement in preference to the sworn testimony in the case." The omission here of the words, "and shall have such force only as the jury may think right to give it," which appear in Code, § 38-415, quoted above, was not error as against the defendant.

The court, after having so charged the jury on the defendant's statement, and also having charged the law to which the evidence should be applied, instructed the jury as follows: "You will take the case in the light of all the facts and circumstances as shown by the evidence, giving the defendant's statement such weight and credit as you think it is entitled to receive, and write a verdict that will speak the truth as you find and believe the truth to be."

The charge as a whole did not exclude from the jury the privilege of believing the defendant's statement in part and rejecting it in part. *Suple* v. *State,* 133 *Ga.* 601 (66 S. E. 919). The charge did not restrict the statement of the defendant and leave the jury no alternative but to consider the statement with reference to the evidence and not otherwise. *McTyier* v. *State,* 91 *Ga.* 254 (7) (18 S. E. 140) ; *Merritt* v. *State,* 152 *Ga.* 405 (110 S. E. 160) ; *Pierce* v. *State,* 66 *Ga. App.* 737 (19 S. E. 2d, 192).

We do not think that the charge minimized or discredited the defendant's statement. *Thurmond* v. *State,* 198 *Ga.* 410 (31 S. E. 2d, 804).

With reference to the weight to be given the defendant's statement by the jury, the charge was not reversible error.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

MACINTYRE, J. In the following cases cited by the defendant in his motion for rehearing, the offense charged in the indictment was committed in one way only, and every essential element constituting this one way of committing the crime must have been proved. *Woodson* v. *State,* 114 *Ga.* 844, 848 (40 S. E. 1013) ; *Haupt* v. *State,* 108 *Ga.* 53, 58 (34 S. E. 313, 75 Am. St. R. 19) ; *Watson* v. *State,* 64 *Ga.* 61, 63; *Crenshaw* v. *State,* 64 *Ga.* 449; *Paschal* v. *State,* 68 *Ga.* 818; *Fulford* v. *State,* 50 *Ga.* 591; *Youngblood* v. *State,* 40 *Ga. App.* 514 (150 S. E. 457) ; *Hightower* v. *State,* 39 *Ga. App.* 674 (148 S. E. 300) ; *Southern Express Co.* v. *State,* 23 *Ga. App.* 67 (97 S. E. 550) ; *Wright* v. *State,* 52 *Ga. App.* 202 (182 S. E. 862).

In the instant case, the indictment is in one count and was so drawn that only a single punishment could be imposed. The State, by so drawing the indictment, admitted that it could prove only a single violation; this offense being alleged to have been committed in six ways. If the State proved that the defendant committed it

in any one of the six ways, a general verdict of guilty would be authorized by the evidence. It was not necessary for the State to prove that the offense was committed in all six ways alleged in the indictment to support such a verdict. The cases cited by the defendant in his motion for rehearing are clearly distinguishable by their facts from the instant case. *Hall* v. *State,* 8 *Ga. App.* 747, 749 (70 S. E. 211) ; *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622). Accordingly, the motion for rehearing is denied.

*Rehearing denied. Broyles, C. J., and Gardner, J., concur.*