52323. THE STATE v. MALONE.

McMURRAY, Judge.

Defendant was indicted for murder. The indictment alleges the victim was killed while the defendant was in the commission of a felonious attack and assault upon the

victim (commission of a felony). The felony was thereafter described as "aggravated assault with a deadly weapon." General and special demurrers were filed and after a hearing same were granted, and the indictment ordered dismissed. The state appeals. *Held:*

1.  The substance of the demurrers is that the state has charged essential elements of the crime of assault, that is, the assault both in the charge of murder and that of felony-murder, and that felony-murder is not properly charged and should be quashed. The general demurrers contend that the homicide of the defendant under the felony-murder rule must occur during the commission of some felony which is not an essential element of the offense sought to be charged in the murder indictment. Defendant also seeks to strike such terms as "feloniously while in the commission of a felony," "felony while in the commission of said felony, to wit: aggravated assault with a deadly weapon," and "while in the commission of said felony," contending these expressions are harmful and prejudicial and surplusage terms, and same should be stricken on the hearing of special demurrers, and that the indictment is imperfect in form and should be quashed.

2.  In *Leutner v. State,* 235 Ga. 77, 79 (218 SE2d 820), the Supreme Court has held that the lower court did not err in overruling demurrers to the indictment complaining that the indictment charged both felony-murder and murder with malice, that is, two separate and distinct claims in the same count. That court held that it has long been the rule that where one offense could be committed in several ways it was permissible to incorporate the different ways in one count.

3.  In *Davis v. State,* 234 Ga. 730 (218 SE2d 20), and *Cain v. State,* 232 Ga. 804 (209 SE2d 158), the Supreme Court has sustained murder convictions in which it is apparent both murder and felony-murder were involved, the homicide resulting from an aggravated assault, although neither case contains a review as to a ruling on a demurrer to the indictments.

4.  Again in *Baker v. State,* 236 Ga. 754 (225 SE2d 269), the Supreme Court has affirmed the overruling of a demurrer to the indictment involving both murder and felony-murder arising out of an assault with a deadly

weapon, although the opinion therein was concurred in fully by only three of the Justices, one Justice concurring specially and two others concurring in the judgment only, with one Justice dissenting for other reasons.

5. Based upon the above decisions by the Supreme Court which are controlling on this court, it is our view that the lower court erred in sustaining the demurrers inasmuch as felony-murder and murder with malice could be embraced in the same general indictment, the homicide arising out of an alleged aggravated assault with a deadly weapon.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 17, 1976 — REHEARING DENIED JULY 2, 1976 —

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., W. Donald Thompson, Assistant District Attorneys,* for appellant.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, H. T. O'Neal, Jr., Manley F. Brown,* for appellee.

