*Samuel C. McCutchen,* for appellee.

## 52833. GILREATH v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of driving under the influence of intoxicating liquors. *Held:*

1. Defendant urges that the trial court erred in overruling his motion to quash the accusation and demurrer.

(a) The accusation was filed in the State Court of Clarke County and it reflects that "Sgt. Mattox" was the affiant. Defendant relies on our decision in *Hubbard v. State,* 123 Ga. App. 597 (181 SE2d 890) which held that the name "Mrs. Hammond" appearing on an indictment as the name of a grand juror rendered it faulty as not identifying the grand juror with reasonable accuracy. However, that case is not applicable here. Here we have a title and a name "Sgt. Mattox" as the affiant on the accusation, and one who is listed as the sole witness followed by the denomination "CCPD." Those initials coupled with the rank, and the fact that the accusation was filed in the State Court of Clarke County, clearly indicate to a reasonable person the identity of the affiant to be a sergeant in the Clarke County Police Department.

(b) Defendant complains that the initials "DUI" on the accusation do not designate an offense. Assuming its improper use, it is self-evident it is intended its common meaning for it is immediately followed by detailed language reflecting that the accused is charged with having driven a motor vehicle while under the influence of intoxicants. See *Crawford v. State,* 4 Ga. App. 789, 795 (62 SE 501).

(c) An attack was made on the accusation because it was duplicitous. While the accusation was inartfully drawn and containing surplusage and tends to charge the same offense twice, it was not subject to the criticism that it was duplicitous. Duplicity in a pleading in a criminal case means the joinder of two or more distinct offenses in one count. *Kryder v. State,* 75 Ga. App. 34, 35 (41 SE2d 824).

The jury was clearly instructed that only one offense was charged in the accusation. No harm could have resulted.

2. Defendant complains that the trial judge erred in charging the substance of Code Ann. § 68-1625.1 on a driver's implied consent to a test for intoxication. Defendant recognizes that in *Dalton v. State,* 127 Ga. App. 504 (194 SE2d 268) we held that where no issue is raised as to consent the charge is harmless error. *Dalton* applies here as there was no issue as to defendant's consent to a chemical test.

3. Defendant contends that the trial was void ab initio for want of a valid accusation. His reliance on *Martin v. State,* 139 Ga. App. 8 (228 SE2d 15) and *Chauncey v. State,* 129 Ga. App. 207 (199 SE2d 391) is misplaced. In *Martin* the accusation made no reference to an affidavit; in *Chauncey,* while the accusation recited that an affidavit was the basis for the accusation, a demand for the production of the affidavit was denied which we held to be erroneous. In the instant case the accusation reflects that it was based on an affidavit made by Sgt. Mattox before a named magistrate. No demand for a copy was made. Thus, we cannot hold in face of this recital and lack of a demand that the accusation was not based on a valid affidavit.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED OCTOBER 6, 1976 — DECIDED OCTOBER 26, 1976.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.