### 72229. SULLIVAN v. THE STATE.
(344 SE2d 737)

Birdsong, Presiding Judge.

The defendant, Aubrey Sullivan, appeals his conviction of the offenses of unlawful possession of marijuana with the intent to distribute, and the sale of marijuana. Sullivan had been charged with two counts of violation of the Georgia Controlled Substances Act.

Count I alleged that the defendant "did unlawfully possess with the intent to distribute and did sell MARIJUANA. . . ." Count II alleged only unlawful possession of marijuana. All offenses were charged as occurring on February 19, 1982.

The evidence showed that the police used a confidential inform-ant to make a controlled buy of marijuana. Captain Dewayne Hobbs of the Forest Park Police searched a confidential informant and his vehicle and gave him a $10 bill which he had marked with his initials, to be used in the purchase of marijuana. Capt. Hobbs and Lt. Collins followed the informant's vehicle to Shepherd's Playpen in Forest Park where the purchase was to take place. Officers Harrison and Gladden had staked out Shepherd's Playpen to observe the purchase. They were advised by Capt. Hobbs, over the police radio, of the in-formant's approach to their location. They saw the informant park his vehicle at Shepherd's Playpen and saw a tall, thin, black male, wear-ing a blue toboggan type ski cap and a blue jacket, approach the in-formant's car and make an exchange. They informed Capt. Hobbs, over the police radio, that the purchase had been completed. Capt. Hobbs stopped the informant's car and received two "nickel" ($5) bags of marijuana from the informant. The officers closed on Shep-herd's Playpen and saw several men playing cards. The men stopped playing cards and started to leave. Lt. Collins saw the defendant, dressed in a blue toboggan type ski cap, a blue ski jacket, with blue ski pants, and arrested him. A partial pat-down revealed money in a pocket. A $10 bill, with Capt. Hobb's initials was among the money confiscated from the defendant. Sgt. Gladden finished the pat-down and found 15 small manilla envelopes containing marijuana in de-fendant's front left shirt pocket. When one man fled the card game, he was observed throwing an object beside a building. A search of that area revealed a .25 caliber automatic pistol and he was arrested for carrying a weapon without a license. He was placed in the rear of the police car with the defendant. Officer Gladden saw the defendant "shuffling [in the back seat] . . . like he was putting something under my seat." After the two men were removed from the police car at headquarters, a search under the rear seat revealed seven manilla en-velopes containing marijuana.

The trial court decided that Count I of the indictment alleged two offenses, possession of marijuana with intent to distribute, and sale of marijuana. The jury found defendant guilty of Count "1a" and "1b," but acquitted him of Count II. Defendant brings this appeal. *Held*:

It is alleged the trial court erred in charging the jury that Count I "contained two crimes. . . ." We agree. Each count of an indictment must contain only one offense. See OCGA § 17-7-54 for proper form. Duplicity is the improper joinder of two or more distinct criminal of-

fenses in one count of an indictment. *Gilreath v. State,* 140 Ga. App. 213 (1c) (230 SE2d 362). Thus, where two offenses are alleged in one count, "the indictment is fatally defective, and no judgment can be pronounced thereon; and the judgment should be reversed." *Nelson v. State,* 136 Ga. App. 861 (1) (222 SE2d 677); accord *Long v. State,* 12 Ga. 293, 314. However, both of Georgia's appellate courts have held: " 'It is true that separate and distinct offenses can not be embraced in one count . . . but it is well settled that offenses of the same nature and differing only in degree may be joined in one count in the same indictment; and it is also clearly well settled that *offenses not of the same nature, if they constitute but one transaction, may be joined in one count* in the same indictment. . . .' " (Emphasis supplied.) *State v. Williams,* 247 Ga. 200, 203 (275 SE2d 62); accord *Mitchell v. State,* 6 Ga. App. 554, 556 (65 SE 326).

The illegal possession and illegal sale of a proscribed drug are separate crimes *as a matter of law. State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475). However, if the evidence required to convict an accused of the illegal sale is the only evidence showing illegal possession, then illegal possession is included in the crime of illegal sale, *as a matter of fact.* Id. This "same evidence" test of *Estevez* is but a restatement of the "one transaction" rule of *Williams,* supra. In construing the "one transaction" test to determine if one count alleged two offenses, this court held: "The test is whether the acts charged in the indictment relate to but one transaction." *Kryder v. State,* 75 Ga. App. 34, 35 (41 SE2d 824); accord *Carter v. State,* 252 Ga. 502, 505 (315 SE2d 646); *Bennings v. State,* 53 Ga. App. 218 (185 SE 370). Hence, where one count charges acts committed at the same time, by the same person, as part of the same transaction, it subjects an offender to one conviction and one punishment. See *Kryder,* supra at 35. It is permissible to allege in one count that a defendant did "unlawfully possess and sell" a prohibited drug, where the same evidence needed to convict the accused for possession is also needed to convict for the sale. *Harmon v. State,* 235 Ga. 329, 330 (219 SE2d 441).

From the facts presented in the instant case, it is evident that the possession of the marijuana with intent to distribute was the same marijuana sold to the informant, which was "one transaction." The remaining drugs found on the defendant after the sale were included in the possession charge of Count II. The same evidence needed to convict defendant of possession with intent to distribute was included within the evidence of the sale of those drugs to the informant and Count I alleged but one offense. *Estevez,* supra. The possession being included within the sale, the defendant may be convicted only of the sale. *Harmon,* supra; *Hall v. State,* 8 Ga. App. 747 (1) (70 SE 211). Hence, it was error for the trial court to charge that two separate and distinct offenses were charged in Count I.

*Judgment affirmed as to conviction of illegal sale; judgment reversed as to conviction of illegal possession with intent to distribute; case remanded for resentencing. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 16, 1986.

*James W. Studdard*, for appellant.

*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellee.