74339. WASHINGTON v. THE STATE.
74340, 74341. KELLY v. THE STATE (two cases).
(359 SE2d 198)

SOGNIER, Judge.
Vittirio Washington pled guilty to one violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and three violations of the Georgia Controlled Substances Act by possessing, with intent to distribute, marijuana, cocaine and hydrocordone. Charleston

Kelly and Rebecca Kelly pled guilty to one count of conspiracy to violate the Georgia Controlled Substances Act (GCSA) by possessing cocaine and marijuana, respectively.

1. Washington contends that the trial court erred by imposing a fine of $100,000 as part of his punishment. The State concedes that the fine imposed was excessive, but argues that a fine of $80,000 was authorized. Appellant Washington acknowledges that a fine was authorized, but argues that the maximum fine imposable was $55,000. The difference of $25,000 between the State's position and Washington's claim arises from Count 1. The State argues that Count 1 alleged two violations of RICO, and thus, a $25,000 fine was authorized for each violation. Washington argues that Count 1 was one violation of RICO, authorizing a maximum fine of $25,000.

OCGA § 16-14-5 provides, in pertinent part: "(a) Any person convicted of the offense of engaging in activity in violation of Code Section 16-14-4 [prohibited acts] is guilty of a felony and shall be punished by not less than five nor more than 20 years' imprisonment or the fine specified in subsection (b) of this Code section, or both.

"(b) In lieu of any fine otherwise authorized by law, any person convicted of the offense of engaging in conduct in violation of Code Section 16-14-4 may be sentenced to pay a fine that does not exceed the greater of $25,000.00 or three times the amount of any pecuniary value gained by him from such violation."

The State charged appellant Washington with violating RICO in two different ways in Count 1, viz., conspiring to violate the provisions of OCGA § 16-14-4 (b), and actually violating the provisions of OCGA § 16-14-4 (b). Both offenses set out in Count 1 are violations of OCGA § 16-14-4, and it has long been the rule that where one offense can be committed in several ways, it is permissible to incorporate the different ways in one count. *Leutner v. State*, 235 Ga. 77, 79 (2) (218 SE2d 820) (1975); *State v. Malone*, 139 Ga. App. 197, 198 (2) (228 SE2d 168) (1976). See also *Sullivan v. State*, 178 Ga. App. 769, 771 (344 SE2d 737) (1986). Both the conspiracy and the actual violation of OCGA § 16-14-4 (b), supra, alleged in Count 1 charge the same acts committed at the same time, by the same persons, as part of the same transactions. Thus, the count subjected Washington to one conviction and one punishment. *Sullivan*, supra. We enunciated this same rule many years ago in *Hall v. State*, 8 Ga. App. 747 (1) (70 SE 211) (1911), and the rule has not changed since that time. Since no hearing was held to determine any pecuniary gain by appellant Washington from his racketeering, the maximum fine imposable for Count 1 was $25,000. Both the State and appellant agree that a $10,000 fine was authorized for each of the other three offenses to which appellant pled guilty, so a total fine of $55,000 was authorized. Hence, any fine in excess of that amount was not authorized and must be set aside.

2. Both Charleston and Rebecca Kelly pled guilty to conspiracy to violate the Georgia Controlled Substances Act in violation of OCGA § 16-13-33. Both Kellys received probated sentences *to confinement*, and were fined as a condition of probation. Charleston Kelly was fined $100,000 and Rebecca Kelly was fined $7,500. Both appellants claim on appeal that *no* fine was authorized upon conviction of a violation of OCGA § 16-13-33. That Code section provides: "Any person who . . . conspires to commit any offense defined in this article [GCSA] shall be, upon conviction thereof, punished by imprisonment not exceeding the maximum punishment prescribed for the offense, the commission of which was the object of the . . . conspiracy."

Appellants Charleston and Rebecca Kelly argue that this Code section is controlling as to the punishment authorized for the offenses of which they were convicted, and since no fine is authorized, the trial court's imposition of a fine must be set aside. This argument is without merit, because the fines were imposed as a condition of probation. This court has held that even when conviction of the offense charged does not authorize imposition of a fine, a fine up to $10,000 is authorized as a condition of probation. *Shelton v. State*, 161 Ga. App. 524, 525 (2) (289 SE2d 768) (1982); *Todd v. State*, 172 Ga. App. 231 (1) (323 SE2d 6) (1984). Hence, the trial court did not err by imposing a fine as a condition of probation. However, the maximum fine authorized is $10,000, and so much of Charleston Kelly's fine as exceeds that amount must be set aside.

*Judgment affirmed in Case Number 74341. Case Numbers 74339 and 74340 affirmed as to conviction and reversed and remanded as to sentence. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 23, 1987.

*Benjamin Allen*, for appellant (case no. 74339).
*Michael C. Garrett*, for appellant (case no. 74340).
*John Fleming*, for appellant (case no. 74341).
*Sam B. Sibley, Jr., District Attorney, George N. Guest, Assistant District Attorney*, for appellee.