## BROZNACK *v.* THE STATE.

1. An allegation in an accusation, that a given representation was made to one member of a firm with a view to procuring credit, is not supported by evidence showing that such a representation was made solely to another member of that firm.

2. A charge of cheating and swindling alleged to have been committed by making false representations as to financial condition, thereby obtaining credit, is not sustained when it affirmatively appears that the goods sold on the faith of those representations were actually paid for. Such representations not repeated or reaffirmed do not, for purposes of the penal statute, apply to credit given at a subsequent period, unless the person to whom the credit was extended knew or had reason to believe that the latter credit was extended solely on the faith of the representations previously made.

3. It was improper for counsel representing the State to say, in his argument to the jury, that he would not appear in the case if he "did not believe the defendant to be as guilty as any man that was ever tried in the courthouse;" and the court should not have approved of such argument as legitimate.

Argued December 18, 1899. — Decided January 25, 1900.

Accusation of cheating and swindling. Before Judge Calhoun. City court of Atlanta. October 28, 1899.

*Mozley & Griffin,* for plaintiff in error.
*James F. O'Neill, solicitor,* contra.

COBB, J. Broznack was arraigned in the criminal court of Atlanta, on an accusation charging him with cheating and swindling, and was convicted. He made a motion for a new trial, which was overruled, and he excepted.

1. The accusation charged that the accused made certain false representations as to his financial standing to T. J. Stovall, a member of the mercantile firm of W. W. Stovall & Brother, and that upon the faith of these representations credit was extended. The evidence introduced showed that representations of the character alleged in the accusation were made to W. W. Stovall, and there was no evidence showing that any of the representations were made to T. J. Stovall. Proof of representations made to W. W. Stovall did not support the allegation made in the accusation; and a verdict finding the accused guilty was contrary to law, and should have been set aside.

2. It appeared from the evidence that on October 6, 1897, the accused made certain representations as to his financial standing to a member of the firm of Stovall & Brother, and purchased from them a bill of goods amounting to $60.35. On October 20, he made another purchase, and still other purchases on November 15 and December 1. On November 15, he paid the amount of the first bill; and on December 1, the amount of the second. He therefore still owes for the purchases made on November 15, and December 1. The only representations as to his financial standing which he ever made to the firm from which he made the purchases were those made on October 6, and these were never reaffirmed by him. In the case of *Treadwell* v. *State*, 99 *Ga.* 779, it was held that statements made by a merchant to a mercantile agency to be used as a basis for obtaining credit, but which were not acted on by any one until some time after the same had been made, could not be the foundation of a prosecution for cheating and swindling, unless the person making such statement expressly reaffirmed the truth of the same, or at the time of obtaining the credit knew, or had reason to believe, that he was obtaining the credit on the faith of the representations made in the previous statement. Applying the above to the facts of the present case, there is no evidence to show that Broznack knew or had reason to believe that the credit obtained by him on November 15, and December 1, was extended solely on the faith of the representations made by him on October 6. For aught that appears, the sole purpose of those representations was to

obtain the credit extended on. that date; and it was not unreasonable for the accused to suppose that the subsequent credits were extended to him by reason of his prompt payment of the first two purchases.

One of the grounds of the motion for a new trial complains that error was committed by the judge in allowing counsel who had been employed to assist the solicitor in the prosecution to make the following statement to the jury in his argument: "I would not appear in this case, if I did not believe the defendant to be as guilty as any man that was ever tried in the courthouse." The court not only declined to stop counsel, but expressly ruled that what is above quoted was "legitimate argument." We think this was error. Counsel "is never justified in expressing the opinion, however he may entertain it, that one whom he is pursuing is guilty. Such opinion is not legal evidence, and in no circumstances, and at no step of the proceedings, is he entitled to thrust it into the case, either by direct words or by implication." 1 Bish. New Crim. Proc. § 293 (3). Upon this subject the same author says: "The opinion of counsel, as to the guilt or innocence of the defendant, should not, we have seen, be by them expressed to the jury. Within this principle, a prosecuting lawyer ought not to assure the jury of his belief that he has made out a case against the defendant; for this is the exact question which they, alone and unbiassed, are to decide. Yet one may well argue, and he should, that the testimony has established his client's cause." 1 Bish. New Crim. Proc. § 975 a (2). See also in this connection, Hopkins's Pen. Code, § 454; p. 115, citing 1 Bish. Crim. Proc. § 311.

*Judgment reversed. All the Justices concurring.*