## DAVIS *v.* THE STATE.

LEWIS, J.   Where one on trial for carrying a concealed pistol stated to the jury in his defense that he " did not own a pistol, and never carried one in his life," and a witness in his behalf undertook to testify to the same effect, evidence that the accused had, on an occasion previous to that under investigation, openly carried a pistol, was irrelevant, for it related to a matter not germane to the issue ; but admitting such evidence will not be held cause for a new trial, when the guilt of the accused was distinctly sworn to by eye-witnesses, and it is manifest from the record that the conviction rested upon the fact that the jury believed these witnesses in preference to others whose testimony related to the main fact, and the evidence illegally admitted could in no possible view have had the effect of impeaching or discrediting them.

*Judgment affirmed.   All the Justices concurring.*

Submitted May 21,—Decided July 18, 1901.

Indictment for concealed weapon — certiorari.    Before Judge Hart.    Greene superior court.    March 14, 1901.

*James B. Park Jr.,* for plaintiff in error.
*H. G. Lewis, solicitor-general,* and *James Davison,* contra.

---

## BURGESS *v.* THE STATE.

LEWIS, J.   The evidence, though entirely circumstantial, was amply sufficient to warrant the verdict.   This being so, and it not being alleged that any error of law was committed in the county court wherein the case was tried, the judgment of the superior court overruling the certiorari sued out by the accused will not be disturbed.

*Judgment affirmed.   All the Justices concurring.*

Argued May 21, — Decided July 18, 1901.

Accusation of larceny — certiorari.    Before Judge Felton. Houston superior court.    April 4, 1901.

*Duncan & Duncan,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.