### 6335. Mulling v. The State.

Russell, C. J.  1.  Under the ruling of the Supreme Court in response to a question certified by this court in *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573), the instruction of the trial court upon the subject of provocation by words, threats, menaces, and contemptuous gestures, was not erroneous.

2. It was not error to omit an instruction to the jury upon the subject of involuntary manslaughter, since any contention that the homicide might be reduced to this grade of manslaughter rested solely upon the defendant's statement, and therefore a request would have been necessary, to require the trial judge to charge upon this theory.

3. There was testimony authorizing the admission of the declarations of the deceased for the consideration of the jury, and authorizing them to determine whether these ante mortem statements were dying declarations; since they might find that the declarant was in fact dying, as he said he was, although life did not actually become extinct until two or three days later.

4. There was no material error in the trial, and the evidence for the State presented a typical case of voluntary manslaughter, with both parties ready to fight and both of them armed with deadly weapons. According to the testimony for the defendant, the verdict was therefore authorized, and the trial judge did not err in refusing a new trial.                    *Judgment affirmed.*

DECIDED MAY 31, 1916.

Indictment for murder—conviction of voluntary manslaughter; from Washington superior court—Judge Rawlings.  December 31, 1914.

*James K. Hines, A. R. Wright,* for plaintiff in error.

*R. Lee Moore,* solicitor-general, *Evans & Evans,* contra.