## 16478.   HARRELL *v.* THE STATE.

Under the facts of this case, in which, under an indictment for murder, the accused was convicted of voluntary manslaughter, the admission of the testimony objected to, which tended to prove intent, motive, and malice, was not cause for a new trial.

DECIDED OCTOBER 6, 1925.

Indictment for murder—conviction of manslaughter; from Decatur superior court—Judge Custer. April 18, 1925.

Conrad Harrell, the defendant, shot and killed Herschel Nazworth, a young man who, according to the testimony of Harrell's adopted daughter Gertrude, was engaged to be married to her. She testified that the defendant had objected to every boy that came to see her, and on the Friday night before the killing accused her and Herschel of doing wrong, and raved about it, and cursed her and his wife, her adopted mother, who had always taken her side, and that they tried to get a peace warrant against him. In ground 2 of the motion for new trial exception is taken to the admission of testimony of this witness to the effect that before Herschel Nazworth began to go with her the defendant tried at different times to have intercourse with her; that she resisted him and refused to do so, and he said, "You think you are going to marry Braxton Martin, but if you do, I want you to know you will do no man no good;" that if she did not do as he wanted her to do, she would do no man any good, and that if he ever caught Braxton Martin on the place any more, he would blow his brains out; that she began going with Herschel Nazworth about eighteen months or two years after she broke up with Braxton Martin. This testimony was objected to as being irrelevant, immaterial, and prejudicial.

In ground 4 exception is taken to the admission of testimony of Gertrude Harrell to the effect that "four or five years ago" the defendant had trouble with his wife about a dog, broke up the dishes and threatened to break the necks of the wife and the witness, and that they got a peace warrant against him; that she (the witness) was not concerned with going with the boys then, and did not suppose she was concerned in this quarrel with her mother, but that when he got mad with one of them he got mad with the other. The solicitor-general stated that this testimony was offered for the reason that counsel for the defendant "stated in his statement that they never had any trouble except about her; that she caused it." The testimony was objected to on the ground that it was irrelevant and immaterial, "the same being a controversy between the accused and his wife some five or six years ago."

*Hartsfield & Conger,* for plaintiff in error.

*B. C. Gardner,* solicitor-general, *C. E. Crow, Billie B. Bush,* contra.

PER CURIAM. Harrell was indicted for murder, and a verdict of voluntary manslaughter was returned. Neither the general nor the special grounds of the motion for a new trial show reversible error. Special grounds 2 and 4, which are largely relied upon for a reversal, are without merit, for the reason that the evidence set out in them, which was admitted over the objection of the movant, tended to prove malice, intent, and motive. The element of motive was conspicuous in the case, and the evidence was admissible. See, in this connection, *Fountain* v. *State,* 149 *Ga.* 527 (101 S. E. 294); *Fraser* v. *State,* 55 *Ga.* 326, and *Everett* v. *State,* 62 *Ga.* 65 (2). The court, having approved the verdict, properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

LUKE, J., dissenting. I do not concur in the judgment of affirmance in this case. In my opinion the two special grounds in paragraphs 2 and 4 of the motion for a new trial, upon the authority of *Cooper* v. *State,* 13 *Ga. App.* 697 (2) (79 S. E. 908); *Moore* v. *State,* 145 *Ga.* 361 (2) (89 S. E. 335); *Davis* v. *State,* 113 *Ga.* 749 (39 S. E. 295); *Cawthorn* v. *State,* 119 *Ga.* 395 (4-5-6) (46 S. E. 897), and *Fountain* v. *State,* 149 *Ga.* 519 (5) (101 S. E. 294), show reversible error.