27343. SPARKS *v.* THE STATE.

DECIDED APRIL 6, 1939.

*C. L. Redman,* for plaintiff in error.
*Chester A. Byars, solicitor,* contra.

MACINTYRE, J. 1. "Counsel 'is never justified in expressing the opinion, however he may entertain it, that one whom he is pursuing is guilty. Such opinion is not legal evidence, and in no circumstances, and at no step of the proceedings, is he entitled to thrust it into the case, either by direct words or by implication.'

1 Bish. New Crim. Proc. § 293 (3). Upon this subject the same author says: 'The opinion of counsel, as to the guilt or innocence of the defendant, should not, we have seen, be by them expressed to the jury. Within this principle, a prosecuting lawyer ought not to assure the jury of his belief that he has made out a case·against the defendant; for this is the exact question which they, alone and unbiassed, are to decide. Yet one may well argue, and he should, that the testimony has established his client's cause.' 1 Bish. Crim. Proc. § 975 a (2)." *Broznack* v. *State,* 109 *Ga.* 514, 516 (35 S. E. 123). See *Johnson* v. *State,* 150 *Ga.* 67 (102 S. E. 439).

2. During the argument to the jury, the solicitor-general stated, "Gentlemen of the jury, I believe the defendant is guilty, and you should so find." The bill of exceptions recites that objection was immediately made to this statement, and a motion to declare a mistrial was made, "which motion the court overruled, and without reprimanding the solicitor, or requesting the jury not to consider said remarks, ordered the solicitor to proceed with his arguments; at which time said solicitor again remarked to the jury, 'I know and you know the defendant is guilty.' Motion by counsel for defendant was again made to declare a mistrial, which was overruled by the court, without reproving the solicitor for such remarks in his argument." The court should not have approved such argument as legal; and a proper objection having been made, it was error to refuse a new trial after a verdict of conviction.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*