27815. FORSTER *v.* THE STATE.

DECIDED SEPTEMBER 12, 1939.

*J. L. Smith,* for plaintiff in error.
*Robert D. Tisinger, solicitor,* contra.

MacINTYRE, J. 1. Mr. Bishop in his work on Criminal Procedure says: "The opinion of counsel, as to the guilt or innocence

of the defendant, should not, we have seen, be by them expressed to the jury. Within this principle, a prosecuting lawyer ought not to assure the jury of his belief that he had made out a case against the defendant; for this is the exact question which they, alone and unbiased, are to decide. Yet one may well argue, and he should, that the testimony has established his client's cause." 1 Bish. Crim. Proc., § 975, a(2). This language has been quoted with approval by the Supreme Court and this court in *Broznack* v. *State,* 109 *Ga.* 514, 516 (35 S. E. 123), and *Sparks* v. *State,* 59 *Ga. App.* 883, 884 (2 S. E. 2d, 506). See *Jones* v. *State,* 123 *Ga.* 129, 132 (51 S. E. 312).

2. The solicitor stated in his argument that if he ever expressed an opinion "this case would be one that he would like to express his opinion, and that he thought the defendant was guilty." Counsel for the accused moved that the court declare a mistrial, "because the solicitor has no right to express his opinion as to the guilt or innocence of the defendant on trial, and it is made for the purpose of inflaming the minds of the jury." The judge stated: "The motion is overruled. Proceed with the argument."

"It is improper for counsel for the State, on the trial of a defendant charged with crime, to state to the jury his belief that the defendant is guilty." *Johnson* v. *State,* 150 *Ga.* 67 (102 S. E. 439). The judge here took no corrective measure. He merely overruled the motion. He neither rebuked the solicitor nor instructed the jury to disregard such remarks, nor in any way expressed his disapproval of them. A proper objection having been made, it was reversible error to refuse a new trial after a verdict of conviction. *Sparks* v. *State,* supra; *Brooks* v. *State,* 183 *Ga.* 466 (188 S. E. 711).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*