## 30894. BYRD v. THE STATE.

Decided September 25, 1945.

*T. Ross Sharpe, P. M. Anderson,* for plaintiff in error.

*R. L. Carr, solicitor,* contra.

BROYLES, C. J. (After stating the foregoing facts.) ▮ In *Hillman* v. *State,* 67 *Ga. App.* 292 (20 S. E. 2d, 91), headnote 1 reads: "That the name of the solicitor on the accusation was printed instead of being signed was immaterial. The affidavit upon which the accusation was based was properly signed by the prosecutor and attested by the clerk of the superior court. The

accusation itself was properly signed by the prosecutor and the name of the solicitor was printed thereon. This was sufficient." If the printed name of the solicitor was sufficient in that case, the typed name of the solicitor was sufficient in this case, and was equivalent to a "signing" within the meaning of the statute. And in *Flanders* v. *State,* 9 *Ga. App.* 820, 822 (72 S. E. 286), the court said: "We are of the opinion that an accusation in the city court of Bainbridge is sufficient where it is signed by the prosecuting officer of the court and is based on an affidavit, whether the name of the solicitor or the name of the maker of the affidavit is formally employed to designate the accuser who 'in the name and behalf of the citizens of Georgia' charges the accused with the offense set out in the accusation. Either form may be adopted. Since the affidavit of the prosecutor is made a substitute for the formal finding of the grand jury as to these misdemeanors, it is perhaps the better practice to follow the form adopted in the present case." *Cook* v. *Walker,* 161 *Ga.* 551 (131 S. E. 288), cited by counsel for the plaintiff in error, is distinguished from this case, in that there the name of the solicitor was not placed upon the accusation, either in writing, printing, or typing, but the space where his name should have appeared was left blank. Furthermore, the court held that, even under those circumstances, the accusation was not void.

The general grounds of the motion for new trial are not argued or insisted upon in the brief of counsel for the accused, and therefore are treated as abandoned.

■ A special ground assigns as error the court's refusal to declare a mistrial, the motion being based upon the following statement by the solicitor in his argument: "Gentlemen of the jury, in my opinion the State has carried every burden placed upon it to show the guilt of the defendant. I know in my own mind that I as your solicitor have carried this burden." The ground alleges that this statement was not authorized by any evidence, and was prejudicial to the defendant; that counsel for the defendant promptly moved for a mistrial; that the court failed to rebuke the solicitor, and overruled the motion without comment, and did not refer to it in its charge to the jury.

Counsel "is never justified in expressing the opinion, however he may entertain it, that one whom he is pursuing is guilty.

Such opinion is not legal evidence, and in no circumstances, and at no step in the proceedings, is he entitled to thrust it into the case, either by direct words or by implication." 1 Bishop's New Crim. Proc. § 293 (3). And the same author says: "The opinion of counsel, as to the guilt or innocence of the defendant, should not, we have seen, be by them expressed to the jury. Within this principle, a prosecuting lawyer ought not to assure the jury of his belief that he has made out a case against the defendant, for this is the exact question which they, alone and unbiased, are to decide. Yet one may well argue, and he should, that the testimony has established his client's cause." 2 Bishop's New Crim. Proc. § 975 a (2). The above-quoted language was adopted and approved in *Broznack* v. *State,* 109 *Ga.* 514, 516 (35 S. E. 123), and in *Sparks* v. *State,* 59 *Ga. App.* 883, 884 (2 S. E. 2d, 506). See also, to the same effect, *Johnson* v. *State,* 150 *Ga.* 67 (1) (102 S. E. 439).

In *Forster* v. *State,* 60 *Ga. App.* 598 (4 S. E. 2d, 498), the headnote reads: "The solicitor stated in his argument that, if he ever expressed an opinion, 'this case would be one that he would like to express his opinion, and that he thought the defendant was guilty.' The defendant moved for a mistrial on the ground that the solicitor had expressed his opinion that the defendant was guilty. The court merely overruled the motion. He neither rebuked the solicitor nor instructed the jury to disregard such argument, nor in any way expressed disapproval. No corrective measures having been taken, it was reversible error to refuse a new trial after a verdict of conviction." In view of the above-cited authorities, the court in the instant case erred in denying a new trial.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*