GOSSETT, *alias* HILL, *v.* THE STATE.

BELL, Justice. 1. The defendant was convicted of the alleged murder of Leroy Hill by intentionally administering to him poisons, which he did swallow and take internally and which did cause and produce his death on February 13, 1946. The defendant's motion for a new trial as amended was overruled, and she excepted. The evidence, though circumstantial in nature—relating, among other things, to conduct and statements of the defendant before and after the death of the deceased (husband of the defendant), medicine given to him by the defendant, his complaints and symptoms during his illness, and conditions found in his vital organs on autopsy—authorized a finding that the defendant killed the deceased by poisoning him with arsenic, and was sufficient to support the material allegations of the indictment. It also authorized a finding that the motive of the defendant was the collection of insurance which had been issued upon the life of the deceased, in favor of the defendant as beneficiary.

2. It also appeared from the evidence that the defendant's father and mother died on April 3 and July 13, respectively, in 1945, and that after the death of the defendant's husband the bodies of the parents were exhumed and vital organs of each were examined. The evidence further authorized a finding that each of them died of arsenic poison intentionally administered by the defendant, as in the case of her husband, and that her acts with respect to them were prompted by the same motive, to wit, collection of life insurance.

3. In special grounds 3 to 11 inclusive of her motion for new trial, the defendant assigned error upon the admission of evidence touching the circumstances and causes of the deaths of her parents, over the objection that such evidence tended to establish independent crimes and was irrelevant, immaterial, and prejudicial, the defendant being on trial only for the alleged killing of Leroy Hill. *Held:*

(*a*) Evidence of the commission of one crime is not admissible on the trial of the defendant for another crime, where the sole purpose is to show that the defendant is guilty of such other crime; but such evidence is admissible where there is some logical connection between the two from which it can be said that proof of the one tends to establish the other. *Cawthon* v. *State,* 119 *Ga.* 395 (5) (46 S. E. 897); *Wilson* v. *State,* 173 *Ga.* 275 (2) (160 S. E. 319); *Barkley* v. *State,* 190 *Ga.* 641 (2) (10 S. E. 2d, 32).

(*b*) The evidence objected to, being of the general nature indicated in paragraph 2 above, was relevant for the purpose of showing plan, scheme, and motive with respect to the crime charged, and the court did not err in admitting it. See generally, in this connection, Code, § 38-202; *Suber* v. *State,* 176 *Ga.* 525 (1) (168 S. E. 585); *Tucker* v. *State,* 180 *Ga.* 87 (1) (178 S. E. 152); *Emmett* v. *State,* 195 *Ga.* 517 (3) (25 S. E. 2d, 9); *Andrews* v. *State,* 196 *Ga.* 84 (4) (26 S. E. 2d, 263); *Fuller* v. *State,* 197 *Ga.* 714 (1) (30 S. E. 2d, 608).

4. In a felony case, as distinguished from civil and misdemeanor cases, it is not error for the court to refuse a motion to purge the jury as to disqualification before beginning to select a jury for trial of the case, the statutes on the subject as applied to felony cases being different from those in reference to civil and misdemeanor cases. As to the former, see Code, §§ 59-801, 59-802, 59-804, 59-806; as to the latter, Code §§ 59-704, 59-705. In felony cases, the question as to competency and impartiality is one to be determined after the process of selecting a jury has commenced; and, after verdict, it is the disqualification itself, if it exists, and not the refusal to purge the entire panel at the beginning, of which complaint may be made. See, in this connection, *Carter* v. *State,* 106 *Ga.* 372 (6) (32 S. E. 345, 71 Am. St. R. 262); *Whitworth* v. *State,* 155 *Ga.* 395 (1) (117 S. E. 450); *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 555 (174 S. E. 131); *Dees* v. *State,* 41 *Ga. App.* 321 (1) (152 S. E. 913). While such preliminary inquiry is frequently made, "and is doubtless a salutary practice, it is not a right which is given by law to the defendant" in a felony case. *Atlanta Coach Co.* v. *Cobb,* supra.

(*a*) It follows that the court did not err in refusing a request of the defendant's counsel, made before selection of the jury had begun, to purge the jury and to declare disqualified any and all jurors who may have held policies in or who may have been employed by a named mutual insurance company, in which the defendant's father held a policy payable to her and the proceeds of which she collected after his death, and to which same company, as the evidence tended to show, she had caused her husband to apply for insurance upon his own life (which, however, was never issued).

5. Nor did the court err in refusing to grant a new trial upon the alleged

ground that two of the jurors who tried the case were disqualified for reasons indicated in paragraph 4 (*a*), supra, since the only attempted proof in support of such alleged disqualification consisted of affidavits of the jurors themselves, and the verdict which they had returned could not be impeached by them. Code, § 110-109; *Bowden* v. *State*, 126 *Ga.* 578 (1) (55 S. E. 499); *Atlanta Coach Co.* v. *Cobb*, 178 *Ga.* 544, 552, (174 S. E. 131); *Peagler* v. *Huey*, 183 *Ga.* 677 (3) (188 S. E. 906); *Thompson* v. *State*, 4 *Ga. App.* 649 (5) (62 S. E. 99); *McCarty* v. *Mobley*, 14 *Ga. App.* 225 (1) (80 S. E. 523); *Cobb* v. *Atlanta Coach Co.*, 46 *Ga. App.* 633 (168 S. E. 126).

(*a*) Since, as ruled above, jurors by whose affidavits the defendant sought to prove the claimed disqualification could not thereby impeach their verdict, no ruling is necessary and none is made as to whether jurors holding policies in such insurance company, or related to policyholders, would have been disqualified under the facts of the case.

6. The rulings made in paragraph 4, supra, accord with the decision in *Gossett* v. *State*, 201 *Ga.* 809 (41 S. E. 2d, 308), as it was not held therein that the mere refusal to purge the jury at the outset without proof of actual disqualification would constitute error, although this court did then overlook the fact that the claimed disqualification of the juror as urged after the verdict was shown only by affidavit of the juror himself. Nor is that decision, though rendered upon a former writ of error brought by this same defendant, applicable as the law of the case to the matters herein dealt with, involving new and different facts, to wit, a different insurance company and different jurors. See, in this connection, *Morrison* v. *Slaton*, 148 *Ga.* 294 (1) (96 S. E. 422); *Lumbermen's Mutual Casualty Co.* v. *Cook*, 195 *Ga.* 397, 401 (24 S. E. 2d, 309).

7. Special ground 12 alleged that the court erred in permitting the solicitor-general to ask a named witness, a physician who qualified as an expert, the following hypothetical question: "If the cause of these toxic changes had been arsenic or some arsenic compound, from what you saw from your examination, was it possible or probable that the amounts and distribution of it indicated whether the poison had been ingested or received into the mouth, or was it taken intravenously?" and in permitting the witness to answer: "From what I saw, assuming, according to your hypothetical question, that it was arsenic poison, I would say that it was ingested, definitely."

The movant objected to such evidence on the ground that the witness had stated that he did not and could not state what caused the condition that he saw, and "thereby it would be a conclusion based on no facts' that the witness had in his possession, and there being no evidence that any arsenic was found. *Held*, that if the evidence was subject to the objection made thereto at the time it was offered, the error in admitting it was later cured when another witness testified that he made an examination of the contents of the organs of the body of Leroy Hill after his death, and that "large quantities of arsenic were found, the greatest concentration being in the wall of the stomach. Although the last-mentioned witness had also qualified as an expert, his testimony as to finding large quantities of arsenic was given as a matter of fact and not of opinion. Accordingly, there is no merit in ground 12. *Shaw* v. *Jones*, 133 *Ga.* 446 (5) (66 S. E. 240); *Wilson* v. *State*, 190 *Ga.* 824, 830 (5) (10 S. E. 2d, 861); Wigmore on Evidence, Vol. II, section 672.

(*a*) The conclusion just stated is not in conflict with *Walker* v. *Fields,* 28 *Ga.* 237 (2), to the effect that an expert may give an opinion as to *facts* testified to by others, but not as to *their opinions.*

8. Special ground 13 shows that counsel for the defendant moved for a mistrial because of a statement made by an attorney for the State in the concluding argument before the jury, in connection with which the following colloquy occurred: Defendant's Attorney: "He said, 'She killed Leroy Hill.'" State's Attorney: "'You have killed Leroy Hill.'" The Court: "You are arguing your contentions about the evidence." State's Attorney: "I stated in my argument, 'You have killed Leroy Hill.' That is what the evidence discloses to my mind." Defendant's Attorney: "He didn't say that at the time I made my motion." The Court: "You counsel don't seem to agree." State's Attorney: "I am not testifying. I could testify."

It is complained that the court not only refused to declare a mistrial, but also failed to rebuke the State's attorney or to instruct the jury to disregard the remark or remarks made by him. There is no merit in these contentions. "In a prosecution for a homicide, a statement by the prosecuting attorney in his argument, expressive of his opinion of the defendant's guilt, should be construed to mean that the testimony led him to this conclusion, and that the jury should reach the same conclusion. In the absence of anything to the contrary, the solicitor's remarks will be regarded as a deduction from the evidence. . . What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." *Floyd* v. *State,* 143 *Ga.* 286 (5), 289 (84 S. E. 971). Under this rule as applied to the facts, the court did not err in refusing to declare a mistrial or in failing to take other action, as shown in ground 12.

(*a*) In the instant case, the statement of the attorney as first made to the jury (whether in the language claimed by him or in slightly different language as contended by the attorney for the defendant), and as later explained to the court in the presence of the jury, was materially different from the statements considered and dealt with in the following decisions cited for the plaintiff in error: *Broznack* v. *State,* 109 *Ga.* 514 (3) (35 S. E. 123); *Butler* v. *State,* 142 *Ga.* 286 (11) (82 S. E. 654); *Johnson* v. *State,* 150 *Ga.* 67 (1) (102 S. E. 439); *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (182 S. E. 384); *Forster* v. *State,* 60 *Ga. App.* 598 (4 S. E. 2d, 498).

9. The following charge to the jury, "You, as the jury in the trial of this case, are not responsible for the consequences of your verdict. You are responsible for the truth of your verdict," was not erroneous, as insisted, because it was unnecessary, prejudicial, and injurious, in that it intimated to the jury that the court considered the defendant guilty, and that they should show no hesitancy in so declaring her. See, in this connection, *Marshall* v. *State,* 74 *Ga.* 26 (2); *Billingsley* v. *State,* 193 *Ga.* 711 (3) (19 S. E. 2d, 915); *Campbell* v. *State,* 202 *Ga.* 705 (6) (44 S. E. 2d, 903).

10. The evidence authorized the verdict, and none of the grounds of the motion for a new trial showing reversible error, the court did not err in overruling the motion.

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., and Wyatt and Head, JJ., who dissent.*

No. 16054.   MAY 17, 1948.

712

714

716

*M. G. Hicks* and *W. T. Maddox,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. J. Clower, Solicitor-General, Edward Dorsey, Assistant Attorney-General,* and *Mary B. Rogers,* contra.