### 32628.   WALLER v. THE STATE.

GARDNER, J. 1. (*a*) The defendant was found guilty in the City Court of Decatur upon two counts in an accusation. The first count charged the defendant with operating a motor vehicle at a greater speed than 55 miles per hour. Regarding this first count of the accusation, the jury was authorized to find, under the evidence, that the defendant operated his motor vehicle on the highway named in the accusation at a speed of approximately 100 miles per hour. As to this count, standing alone, there is no contention that the judgment of the court overruling the motion for a new trial should be reversed.

(*b*) The second count, omitting the formal parts, charged as follows: "and while so operating said motor vehicle did pass other motor vehicles traveling in the same direction on the crests of hills, where the view ahead was obscured of approaching traffic." The verdict of the jury was: "We, the jury, find the defendant guilty of count number 1 and count number 2." As to the second count, it

is contended that the defendant passed other motor vehicles traveling in the same direction on the "crests of hills, *where the view was obscured of approaching . traffic.* [Emphasis supplied]." This brings us to a consideration of Code § 68-303 (d). There are prescribed in subdivision (d) of this section several distinct rules regulating a motor vehicle operator who desires to pass another motor vehicle going in the same direction: (1) An operator overtaking a vehicle going in the same direction and desiring to pass it, shall pass on the left of the vehicle overtaken. In this connection the statute further provides that such an operator may not pass a vehicle overtaken unless the way is clear of approaching traffic, unless the width of the road is sufficient to allow the operator's vehicle to pass to the right of the center of the road. (2) The second proviso under subsection (d) deals with three distinct situations where an operator desires to pass a motor vehicle going in the same direction. These three provisos are: (i) The operator shall *not* pass a vehicle from the rear at the top of a hill; (ii) or on a curve where the view ahead is in any way obscured; (iii) or, where the vehicle is crossing an intersecting highway. In the instant case we are dealing with an operator who desired to pass a motor vehicle "at the top of a hill."

The statute does not deal with the question of an obstructed view ahead in relation to the restriction that "the operator shall not pass a vehicle from the rear at the top of a hill" but the obstruction of the view of the operator of a motor vehicle desiring to pass another motor vehicle going in the same direction applies to other vehicles involved in this Code section, and it does not, as stated, apply to an operator passing a motor vehicle on the top of a hill going in the same direction as the operator who desires to pass. The word "hill" as used in the statute (or crests of a hill as used by the pleader in the instant case) when given ordinary significance and meaning, prescribes a hill which is in itself an obstruction of the view ahead. In short, it is a violation under this subsection to overtake and pass a motor vehicle on the top of a hill. The doing of such an act is a violation of the statute. This being true, *it necessarily follows that words in the accusation* "where the view ahead was obscured of approaching traffic" are mere surplusage. And it was, in the instant case, unnecessary to prove this allegation.

(*b*) In this connection counsel for the defendant contends that, since the State did not prove that the view ahead was obstructed, the evidence is insufficient as a matter of law to sustain a conviction under count 2 of the accusation. In view of what we have said above, with reference to the law applicable to count 2, this contention is without merit.

(*c*) Counsel argues that since there was not sufficient evidence submitted by the State that the view ahead was obstructed at the top of a hill, and that since the verdict returned was a general verdict on the accusation and not a particular verdict as to each count of the accusation, the case should be reversed. These contentions are unsound for two reasons. In the first place, as we have observed above, there was sufficient evidence to sustain the verdict as to both counts 1 and 2. This being so, even if the verdict was a general one, and the evidence sup-

ported each count of the accusation, the verdict would nevertheless be good. The evidence does support each count on which the defendant was found guilty. We might add, however, in passing, that the verdict is not a general verdict as to the counts of the accusation on which the defendant was found guilty. It was a general verdict as to each count. Since the charge of the court is not set forth, and no exceptions made thereto, we must take it as true that the trial court instructed the jury as to the forms of their verdict to the effect that they should return a verdict as to each count. This was done. We dealt with this question at length in the case of *Lee* v. *State*, 66 *Ga. App.* 613 (18 S. E. 2d, 778). The contentions of the defendant in the respect dealt with above are argued along with the general grounds. In this respect the court did not err in overruling the motion for a new trial. This brings us to a consideration of the special grounds.

2. (a) We come next to consider the four special grounds. We will consider special grounds 1 and 2 together, because they relate to the same subject-matter. The peace officers of DeKalb County began chasing the defendant on the Buford Highway between Clairmont Road and the DeKalb County-Fulton County line. The defendant's car was equipped with an Offenhauser motor. The evidence shows that when a motor vehicle is so equipped such motor vehicle can outdistance any other motor vehicle not so equipped. While the officers of DeKalb County were thus chasing the defendant as he was going toward Atlanta, the defendant outran them beyond the view of the officers. The officers, however, before the defendant got out of sight and before the defendant obtained a speed of approximately 100 miles per hour, secured the license number of the motor vehicle which the defendant was operating. The DeKalb County officers recognized the defendant as he passed them while they were keeping watch on the highway. During the chase the DeKalb County officers (there were two of them in the car) wrote down the name of the defendant and his license tag number. The officers by means of a radio, broadcast the chase of the defendant, giving the defendant's name, his license tag number, and the description of the motor vehicle. This radio message was received and logged by the operator on duty in the radio department of the DeKalb Department of Public Safety, at 4:07 o'clock a.m. on the morning of the chase. From there the message was telephoned to the Atlanta police department, and the defendant was thus apprehended and arrested. When arrested, he was in possession of the same car, bearing the same license tag number. The State offered a photostatic copy of the log made by the operator on duty in the radio department of DeKalb County Department of Public Safety. The defendant objected to the introduction of it on the ground that it was hearsay evidence and that it was not made in the presence of the defendant. The court overruled the objection and admitted the photostatic copy hereinabove described. It is our opinion that this contention is not meritorious for two reasons: First, the same facts had already been admitted in evidence without objection when the DeKalb County officers who chased the defendant testified that it was the defendant, the motor vehicle

in which he was riding, bearing the described tag number as shown by the log, and at the same time of the morning. There are many decisions to this effect. We call attention to a few of them: In *Martin* v. *State*, 44 *Ga. App.* 276 (161 S. E. 371), this court said: "The admission of testimony over objection was not cause for a new trial in view of other evidence to the same effect without objection." See *Chapman* v. *State*, 28 *Ga. App.* 107 (110 S. E. 332); *Haupt* v. *State*, 108 *Ga.* 60 (33 S. E. 829); *Dockins* v. *State*, 110 *Ga.* 277 (34 S. E. 846); *Davis* v. *State*, 113 *Ga.* 749 (39 S. E. 295). There is no merit in this contention.

In the second place, after considering this question carefully, we have come to the conclusion that the broadcast in the circumstances of this case was a part of the res gestae and for that reason was admissible. It must be kept in mind that this evidence shows beyond peradventure that at the time the DeKalb County officers were chasing this defendant over hills and dales, the defendant was in the very act of committing the crime of which he was convicted. Code § 38-305, provides: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." This court in *Alvaton Mercantile Co.* v. *Caldwell*, 34 *Ga. App.* 151 (128 S. E. 781), said: "The circumstances, acts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate it, are part of the res gestae." Also, the Supreme Court, in *Travelers Insurance Co.* v. *Sheppard*, 85 *Ga.* 751 (6) (12 S. E. 18) said: "The person whose life was insured having disappeared whilst a hunt was in progress, in which he with two others participated, what one of his comrades said to the other on the scene of the hunt when they met a few minutes after the disappearance occurred. and also whilst they were on the way to search for their missing companion, was admissible in evidence as part of the res gestae, to explain their conduct in abandoning the hunt, engaging in the search and conducting it in a particular manner, these acts of theirs being relevant evidence in a suit upon the policy, and the declarations being of a nature to account for and illustrate the acts with which they were connected, and being apparently instinctive and spontaneous utterances, free from any reasonable suspicion of device or afterthought. Though not precisely contemporaneous with the main fact of the disappearance, they were made whilst the transaction of which that main fact constituted a part was incomplete, and whilst the stream of action which began with the hunt and terminated with the search was unbroken." It is apparent that this comparatively modern devise of radio broadcasting is largely used by our peace officers in alerting other peace officers on duty and guard, is effective in apprehending criminals on the highways, and other places, and is of great service and benefit to the general public. It would therefore seem to be unthinkable that the communication of these officers, one with the other, should be excluded as hearsay testimony while a criminal is at the very time committing a crime or escaping from the commission of a crime at the time the communications are in progress. We will not so exclude such testimony as hearsay, but

will extend such, if need be and we think soundly so, to assist in the apprehension and arrest of criminals. We are making no new law, but merely applying the principles which exist to the means and methods of modern science.

(b) Special ground 3 assigns error on the ground that while a witness for the State was testifying he referred to an occasion concerning the defendant when one Charlie Wright was killed. Counsel for the defendant objected to the question and moved for a mistrial on the ground that any reference to the occasion when Charlie Wright was killed was highly prejudicial to the defendant and was irrelevant and immaterial to the instant case. The witness did not answer the question and the court promptly sustained the objection and further stated to the jury: "I sustain your objection, gentlemen, I instruct you now that you must not consider in your deliberations of this case, either the question or the answer. You must disregard it entirely. You must not consider the question and answer in your deliberations under any circumstances." After the judge had so instructed the jury, he overruled the motion for a mistrial. In view of the judge's prompt admonition to the jury and in further view of the fact that no answer was made by the defendant in response to the question, this assignment of error shows no ground for reversing the judgment overruling the motion for a mistrial.

(c) Special ground 4 assigns error because the solicitor-general during the course of his argument stated to the jury, "It is my opinion that the defendant was on that road that night and was there for no good purpose." Counsel for the defendant contends that this was an expression of the personal opinion of the prosecuting officer as to the guilt of the defendant, and that for this reason this case should be reversed. In support of this view counsel call our attention to numerous decisions, among them: *Moore* v. *State,* 10 *Ga. App.* 805 (74 S. E. 315); *Sparks* v. *State,* 59 *Ga. App.* 883 (2 S. E. 2d, 506); *Nixon* v. *State,* 14 *Ga. App.* 261 (80 S. E. 513); *Johnson* v. *State,* 150 *Ga.* 67 (102 S. E. 439); *Jones* v. *State,* 123 *Ga.* 129 (51 S. E. 312); *Byrd* v. *State,* 72 *Ga. App.* 840 (35 S. E. 2d, 385); *Broznack* v. *State,* 109 *Ga.* 514 (35 S. E. 123); *Forster* v. *State,* 60 *Ga. App.* 598 (4 S. E. 2d, 498). Our attention is called also to several references in Bishop's New Criminal Procedure. We have examined these decisions and find nothing in them that would demand a reversal of this case. To the contrary, under all the facts and circumstances surrounding this case, the court did not err in allowing the solicitor-general to proceed, over objections of the defendant. In the case of *Smith* v. *State,* 74 *Ga. App.* 777 (4) (41 S. E. 2d, 541), this court said: "Attorneys should be allowed all reasonable latitude in the argument of cases to the jury, provided they do not go outside the facts legitimately appearing from the trial and lug in extraneous matters as if they were a part of the case." In *Powell* v. *State,* 179 *Ga.* 401 (176 S. E. 29), the court said that whether mistrial should be granted from improper argument of opposing counsel is largely discretionary. In *Patterson* v. *State,* 122 *Ga.* 587 (50 S. E. 489), the court said: "Whether the argument of the solicitor-general was sound or unsound is not ground for reversal if it was in the limits of debate." The record

reveals that the defendant was on this thoroughfare at 4:07 o'clock a.m., traveling at a rate of speed of approximately 100 miles per hour, at times without headlights, passing automobiles on curves and on hills in a reckless and dangerous manner. This ground shows no cause for reversal.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 5, 1949. REHEARING DENIED NOVEMBER 23, 1949.

*Wesley R. Asinof,* for plaintiff in error.
*Walter McCurdy, Solicitor,* contra.