33581.   OLDS *v.* THE STATE.

DECIDED JULY 16, 1951.

*Forester & Calhoun,* for plaintiff in error.

*J. B. Edwards, Solicitor-General, Titus & Altman,* contra.

GARDNER, J. ■ In special ground one of the defendant's motion for a new trial, he assigns as error the refusal of the trial court to admit in evidence a certified copy of "an order of the Superior Court of Thomas County, Georgia, padlocking the Sonny Boy Club as a nuisance." This club was the place wherein the homicide occurred.

A copy of this order is not embodied in this ground of the motion for new trial nor appended thereto as an exhibit, nor does the same otherwise appear in the record. It follows, therefore, that this ground is not complete and understandable within itself.

However, no error appears by reason of the exclusion by the court of this evidence. The fact that sometime after this homicide, the club wherein the same took place was closed by court order as being a nuisance does not render such evidence material to the issues before the jury. There was evidence before the jury that drinking, gambling and dancing took place at this club prior to the homicide, and the jury were authorized to find that the defendant's wife went to the club on more than one occasion.

■ In special ground 2, the defendant insists that the trial court erred in failing to grant a mistrial on motion of his counsel, because of certain improper remarks made by Sol Altman, Esq., one of the State's counsel, during the course of his argument to the jury, to wit: "The burden is on the State to prove beyond a reasonable doubt that this defendant is guilty of murder. I submit that the State has carried this burden and that this defendant is guilty of murder as charged." The court overruled the motion and did not rebuke or correct counsel for making such remarks.

No error appears from the refusal of the court to grant a mistrial. Counsel for the State was within his province in making this statement during his argument of the case to the jury. While the defendant was found guilty of voluntary manslaughter only, a verdict finding him guilty of murder as charged in the indictment would have been authorized under the evidence. There is a difference in the case at bar and the remark dealt with in *Broznack* v. *State,* 109 *Ga.* 514 (35 S. E. 123). In that case the solicitor stated "I would not appear in this case if I did not believe the defendant to be as guilty as any man that was ever tried in a courthouse." In the instant case, counsel simply stated that the State had the burden of proving the defendant guilty of murder and had carried this burden. See *Sparks* v. *State,* 59 *Ga. App.* 883 (2 S. E. 2d, 506); *Forster* v. *State,* 60 *Ga. App.* 598 (4 S. E. 2d, 498); *Byrd* v. *State,* 72 *Ga. App.* 840 (35 S. E. 2d, 385); *Wells* v. *State,* 194 *Ga.* 70 (20 S. E. 2d, 580).

■ The charge of the court, complained of in special ground 3 that "provocation by threats, menaces, or contemptuous gestures shall in no way be sufficient to free the person killing from the guilt and crime of murder," is not error. See *Robertson* v. *State,* 162 *Ga.* 1, 6 (132 S. E. 418). Said charge did not confuse and mislead the jury and did not have the tendency of eliminating from the jury's consideration the doctrine of "reasonable fears." *Robertson* v. *State,* supra. The foregoing excerpt was taken from the provisions of Code § 26-1007, which section defines voluntary manslaughter, and such excerpt constitutes a correct principle of law, applicable under the evidence.

■ In the fourth special ground error is assigned by the defendant on the refusal of the court to give in charge to the jury the following written request, viz: "Mere words, threats, or menaces will never be sufficient to reduce a crime from murder to manslaughter, yet they are sometimes sufficient to justify the fear of a reasonable man that his life is in danger, and, therefore, authorize his acquittal." The charge of the court as a whole sufficiently covered the above principle and it was not error for the court to refuse to charge the jury in the exact language of such request. The charge of the court as a whole fully, clearly and fairly presented and covered the

■

issues involved and gave to the defendant the full benefit of the law applicable to "reasonable fears."

■ It is set out in special ground five of the motion for new trial that the defendant timely presented the following written request to charge: "If a person shoots at one person and kills another, under circumstances wherein the person doing the shooting would be justified in killing the person for whom the load was intended, the killing would be homicide by misadventure and no guilt would attach to the person doing the shooting. Apply the above rule of the facts of this case: If you believe from the evidence that the accused, John Henry Olds, shot at Lonnie McGowan, and by misadventure the load hit and killed Lillie Mae Olds, and you further believe that the accused under the circumstances would have been justified in killing Lonnie McGowan, then no guilt would attach to the accused, John Henry Olds, and he should be acquitted." This request embodies a correct principle of law (*Butler* v. *State*, 92 *Ga.* 60, 19 S. E. 51; *James* v. *State*, 83 *Ga. App.* 847, 65 S. E. 2d, 55), and under the statement of the defendant, particularly considering same along with the evidence, this principle of law was applicable. This issue was raised by the defendant's statement and it was error to refuse the request embodying the same, where the principle of law therein contained was not sufficiently covered by the charge of the court as a whole. If the jury believed the statement of the defendant, which the jury had a right to do, they would have been authorized to have acquitted him, in that the jury would have been authorized to find that the defendant did not shoot at his wife but at McGowan, and Lillie Mae Olds, the deceased, was struck when she ran behind McGowan at the moment the trigger was pulled and the gun fired, and that the defendant shot at McGowan as the latter reached in his bosom for a pistol with the intention of shooting the defendant. See, generally, *Brown* v. *State*, 12 *Ga. App.* 722 (78 S. E. 352); *Mulling* v. *State*, 18 *Ga. App.* 205 (89 S. E. 221); *Perry* v. *State*, 108 *Ga.* 384 (34 S. E. 2). Here the defendant stated in substance that he had warned Lonnie McGowan to quit running around with the defendant's wife, taking her to night clubs and getting her mixed up in the numbers game; that McGowan told him he would carry her anywhere she

wanted to go, and if he tried to prevent it he would blow his brains out; that on the night in question Lonnie McGowan took the defendant's wife to the club and the defendant followed them; that he walked in and reminded McGowan he had asked him not to bring his wife there; that his wife ran behind McGowan and just at that instant the defendant saw him reach in his bosom for a pistol with the intention of shooting the defendant, and the defendant then shot at McGowan, but at that moment McGowan dropped to the floor and the load hit and killed his wife instead.

While the jury found the defendant guilty of a lesser offense than that charged, to wit, voluntary manslaughter, it appears that the jury could have acquitted him, had they believed his statement that this man McGowan reached in his bosom for a pistol to shoot him and that he then "throwed up my gun and when I throwed it up he fell out on the floor and she got shot."

It follows that the court erred in refusing this timely written request to charge a principle of law, which was applicable under the defendant's statement and not covered by the charge of the court as a whole. A new trial is awarded to the defendant because of this error.

■ Because of the error of the court pointed out above, a new trial is granted to the defendant and it becomes unnecessary to pass upon the sufficiency of the evidence. ❦

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*