55850. HARDEMAN v. THE STATE.
55851. HESTER v. THE STATE.
55852. MOSLEY v. THE STATE.
55911. TURNER v. THE STATE.

Shulman, Judge.

Although these four appeals are not connected, they contain common questions of law and are consolidated for that reason. All the appellants were convicted of driving under the influence of alcohol.

1. Appellants, citing *Cook v. Walker,* 161 Ga. 551 (1) (131 SE 288), enumerate as error the denial of their motions to dismiss the accusations upon which they were tried. The ground for the motions was that the accusations were not signed by the solicitor.

This case is controlled by *Byrd v. State,* 72 Ga. App. 840 (1) (35 SE2d 385), holding that where the affidavit is in proper form, the typed name of the solicitor in the space on the accusation for his signature is ". . . equivalent to a 'signing' within the meaning of the statute." Id. at 842. Insofar as signatures are concerned, the affidavits in these cases were proper, and the solicitor's name was typed in the space on the accusation for his signature. The enumerations of error on that ground are without merit.

2. Appellants Hardeman, Mosley and Turner object to the trial court's instruction to the jury based on the implied consent law, Code Ann. § 68B-306 (a). Appellants are correct in their contention that the charge was inapplicable since there was no issue of consent in any of the trials. However, this court has ruled that, where there is no jury question as to consent, the giving in charge of the substance of the implied consent law is harmless error. *Gilreath v. State,* 140 Ga. App. 213 (2) (230 SE2d

362); *Dalton v. State,* 127 Ga. App. 504 (1) (194 SE2d 268).

When the trials in *Gilreath* and *Dalton* were held, the implied consent law was contained in Code Ann. § 68-1625.1 (repealed by Ga. L. 1975, pp. 1008, 1044) and did not include the first sentence of the present section (§ 68B-306 (a)): "The State of Georgia considers that the persons who are under the influence of alcohol or drugs while operating a motor vehicle constitute a direct and immediate threat to the welfare and safety of the general public." It is that language which appellants contend was so inflammatory and prejudicial as to require reversal. We do not agree.

The language complained of is no more than a legislative expression of the public policy of this state and serves to justify the implied consent law. We find it neither so inflammatory nor so prejudicial as to render the inapplicable charge harmful error. As to the propriety of instructions concerning the gravity of an offense, see, e.g., *Vanderford v. State,* 126 Ga. 753 (4) (55 SE 1025).

3. Appellants Hardeman and Turner assert as error the denial of their motions to dismiss the accusations, which motions were based on a contention that the accusations were broader than the affidavits upon which they were founded. The accusations were based on affidavits by the officers issuing the traffic citations. (Compare *Smith v. State,* 140 Ga. App. 339 (1) (231 SE2d 91)). The only description thereon of the offense is the notation, "DUI." The accusations charged Hardeman and Turner with driving under the influence of alcohol.

This issue is controlled by *Lamb v. State,* 109 Ga. App. 350 (136 SE2d 251). "The affidavit failed to charge the defendant with the commission of any crime for it fails to show what he was under the influence of or what he was driving. The accusation could not be broader than the affidavit, [Cits.], and the affidavit fails to charge the defendant with any crime. Where the affidavit charges an offense against the laws of the State the accusation may particularize such violation. [Cit.], but where the affidavit fails to show the violation of any law no valid accusation can be based thereon. [Cits.] The trial court erred in overruling the defendant's demurrers to the accusation which attacked the accusation because no

crime was charged in the affidavit on which it was based and the further proceedings were nugatory." Id.

*Gilreath v. State,* supra, Division 1 (b), cited by the state, is inapposite as it dealt not with the affidavit but with an accusation which used the letters "DUI" to designate the offense, which accusation also contained "detailed language reflecting that the accused is charged with having driven a motor vehicle while under the influence of intoxicants. [Cit.]" Id.

*Judgments reversed in Cases No. 55850 and No. 55911; affirmed in Cases No. 55851 and No. 55852. Bell, C. J., and Birdsong, J., concur.*

55850, 55851, 55852, ARGUED MAY 15, 1978; 55911, SUBMITTED MAY 22, 1978 — DECIDED SEPTEMBER 7, 1978.

*Guy B. Scott, Jr.,* for appellants.
*Ken Stula, Solicitor,* for appellee.